UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CSX INTERMODAL TERMINALS, INC.,
TRANSDEVELOPMENT GROUP, LLC

    Movants,

vs.                                          Case No. 3:18-cv-00096-J-34PDB

NIKOLAS SAVKO AND SONS, INC.,

    Respondent.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Movants, CSXI and TransDevelopment Group, appear before this Court to confirm an arbitration award and for an award of attorney's fees pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 6, 9 (FAA). See Application to Confirm Arbitration Award with Supporting Memorandum of Law and Award of Attorney's Fees and Costs (Doc. 1, Application), filed January 12, 2018. The federal courts do not automatically have federal jurisdiction pursuant to the FAA. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir.

1997). Therefore, this Court must have some other basis, such as federal question or diversity citizenship jurisdiction, to address cases brought before it under the FAA. Id.; Loral Corp. v. Swiftships, Inc., 77 F.3d 420, 422 (11th Cir. 1996).

Here, the Movants assert that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. See Application at 1. In support of this assertion, Movants assert that "CSXI is a Delaware corporation with its principal place of business located in Jacksonville, Florida. . . . TransDevelopment Group, LLC, is an Oregon corporation with its principle place of business in Portland, OR. . . . Respondent Savko is an Ohio corporation with its principal place of business in Columbus, OH." Id. at 2.

The problem with these allegations, however, is that TransDevelopment Group is identified as a limited liability company (LLC), not a corporation. TransDevelopment Group cannot be both a limited liability company and a corporation. Moreover, because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine TransDevelopment Group's citizenship from the assertions in the Application.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1))

(emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, TransDevelopment Group is denominated as an LLC, but the Application suggests jurisdiction as if it is a corporation. As such, the Court is unable to determine TransDevelopment Group's citizenship, and therefore clarification is necessary to establish this Court's diversity jurisdiction.[1]

First, Movants must specify whether TransDevelopment Group is an LLC or a corporation. If, despite its name, TransDevelopment Group is a corporation, the Court can determine that TransDevelopment Group is a citizen of Oregon based on the information contained in the Application. However, if TransDevelopment Group is, as it appears to be, an LLC, Movants must establish the citizenship of each of

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221-1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

TransDevelopment Group's members.[2] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

In light of the foregoing, the Court will give Movants an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before January 31, 2018. Accordingly, it is

**ORDERED**:

Movants CSX Intermodal Terminals, Inc., and TransDevelopment Group, LLC, shall have up to and including January 31, 2018, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on January 17, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

---

[2] The parties are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.