UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CSX INTERMODAL TERMINALS, INC.,
TRANSDEVELOPMENT GROUP, LLC

    Movants,

vs.                                    Case No. 3:18-cv-00096-J-34PDB

NIKOLAS SAVKO AND SONS, INC.,

    Respondent.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. On January 12, 2018, Movants, CSX Intermodal Terminals, Inc. Transdevelopment Group, LLC (CSX), initiated the instant action seeking the Court's confirmation of an arbitration award and an award for attorney's fees and costs. See Application to Confirm Arbitration Award with Supporting Memorandum of Law and Award of Attorney's Fees and Costs (Doc. 1, Application), filed January 12, 2018. After responding to the Court's sua sponte inquiry as to its subject matter jurisdiction over the matter, CSX filed an Amended Application to Confirm Arbitration Award with Supporting Memorandum of Law and For Award of Attorney's Fees and Costs, (Doc. 10, Amended Application), on January 24, 2018. Respondent, Nickolas Savko and Sons, Inc., (Savko), filed its Response on January 30, 2018. See Respondent Nickolas Savko & Sons, Inc.'s Response to Amended Application to Confirm Arbitration Award with Supporting Memorandum of Law and For award of Attorney's Fees and Costs (Doc. 11, Response), filed January 30, 2018.

Related to, but separate from the proceedings before this Court, Savko initiated an action in the Western District of Kentucky to vacate the same arbitration award for which CSX seeks confirmation in this Court. Response, at 5; id. at Ex. 3 at 1. In its Response before this Court, Savko states that "for brevity, completeness, and convenience" it has attached and incorporates by reference a copy of the Motion to Vacate it filed in the Kentucky court, along with the exhibits accompanying that motion. Id. at 5-6; Ex. 3-8. All told, the additional materials equal over 500 pages of text.

Upon review, the Response and its attached exhibits are due to be stricken. Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida (Rule(s)), provides that a "party opposing a motion or application shall file within fourteen (14) days after service if the motion or application a response that includes a memorandum of legal authority in opposition to the request, <u>all of which respondent shall include in a document not more than twenty (20) pages</u>." (emphasis added).[1] Savko's Response violates and circumvents Local Rule 3.01(b) by exceeding the page limitation and seeking to incorporate by reference the external filings. As such, Savko's Response is due to be stricken. The Court will strike these filings and direct Savko to file a proper response to CSX's Amended Application in accordance with the Local Rules, on or before February 14, 2018.

Accordingly, it is hereby **ORDERED**:

---

[1] The page limitation does not apply to exhibits attached to a motion.

1. The Clerk of the Court is **DIRECTED** to strike Respondent Savko's Response to Amended Application to Confirm Arbitration Award with Supporting Memorandum of Law and For award of Attorney's Fees and Costs (Doc. 11).

2. Respondent Savko is directed to file a proper response to Movant, CSX's Amended Application to Confirm Arbitration Award with Supporting Memorandum of Law and Award of Attorney's Fees and Costs, on or before February 14, 2018.

**DONE AND ORDERED** at Jacksonville, Florida on February 5 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties